UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRA OSTRANDER, o/b/o D.O., a minor,

    Plaintiff,

v.

COMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 14-12799
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

---

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [11],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [10], AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9]**

---

**I.**

Myra Ostrander's minor son, D.O. ("Plaintiff"), suffers from a learning disorder, asthma, and allergies. She sought supplemental security income on his behalf. In April 2013, an administrative law judge acting on behalf of Defendant Commissioner of Social Security concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Ms. Ostrander appealed here on Plaintiff's behalf. Plaintiff's motion for summary judgement (Dkt. 9) and the Commissioner's motion for summary judgment (Dkt. 10) were referred to Magistrate Judge David R. Grand, who recommends that the Court affirm the ALJ's disability determination. (Dkt. 11, R. & R.)

On May 20, 2015, after Plaintiff objected to the report and recommendation (Dkt. 12), this case was temporarily transferred to a three-judge panel to consider the Commissioner's request for a 60-day stay due to pending disciplinary proceedings involving Plaintiff's attorneys. *See* Administrative Order 15-AO-033. On October 19, 2015, the case was transferred back to the undersigned district judge for further proceedings. *See* Administrative Order 15-AO-045. The

Court understands that shortly thereafter, Ms. Ostrander and Plaintiff should have received a letter informing them that the law firm of Davidson, Breen, Doud, Steele & Ferguson, P.C. would no longer represent them in this case and that they had until December 30, 2015 to obtain new counsel or proceed without an attorney. For their part, attorneys James Smith and Andrew Ferguson from the Doud firm filed a notice consenting to an order of withdrawal and to substitution of counsel on January 26, 2016. (Dkt. 20.)

Because no one had entered an appearance on Plaintiff's behalf by the December 30, 2015 deadline, on January 13, 2016 the Court entered a case management order giving the parties the opportunity to revise and refile their cross-motions for summary judgment or proceed on their original motions. (Dkt. 19.) The Court further provided, "If no new motions are filed, the Court may review the Report and Recommendation based on the previously filed objections." (*Id.*) No new motions have been filed, and the Court has not otherwise heard from Plaintiff. Accordingly, the Court will review the report and recommendation based on Plaintiff's previously filed objections (Dkt. 12, Obs.).

Having performed a *de novo* review of those portions of the magistrate judge's report and recommendation to which Plaintiff has objected, 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Court will adopt the recommendation of the magistrate judge for the reasons explained below.

## II.

Plaintiff's only objection is a broad one: that the magistrate judge erroneously found that the ALJ properly evaluated the medical evidence. (Obs. at 1.) This was the sole argument raised in his motion for summary judgment. (Dkt. 9, Pl.'s Mot. Summ. J. at 7.) Specifically, Plaintiff

contends that the "medical evidence," including allergic rhinitis, conjunctivitis, asthma, and "low average range cognitive profile" are severe enough impairments to  make him disabled. (*Id.*)

Plaintiff cites several sources of evidence to support his contention. For instance, a 2011 "Individualized Education Program" report states that "Myra Ostrander has indicated that the umbilical cord was wrapped around [D.O.'s] neck three times at birth." (Dkt. 7, Tr. at 158.) That same report indicates that Plaintiff "is eligible for special education services under category specific learning disabled; sub categories; basic reading, reading comprehension, and written expression." (Tr. at 160.) The report further states that Plaintiff's "reading skills are below grade level" and that he "has difficulty decoding words as well as comprehending what he has read." (Tr. at 162.) Additionally, a school psychologist, Dr. Casey Park, noted in an April 2010 evaluation that because of Plaintiff's "weakness in reading, it may be necessary to target his phonemic awareness and his difficulty with rapid recall or rapid learning of sounds, letters, or words." (Tr. at 180.) Finally, July 2012 treatment records from Dr. Pacita Tenhehco indicated that Plaintiff had "[p]erennial allergic rhinoconjunctivitis" and "[e]xercise-induced asthma" and that "various environmental control measures to avoid exposure to dust mite and pollen were discussed." (Tr. at 203.)

The magistrate judge found that "Plaintiff's assertion that the ALJ failed to consider certain medical or educational evidence is simply without merit; the ALJ considered the information referenced by Plaintiff, but concluded, in weighing it against other record evidence, that Plaintiff was not disabled." (R. & R. at 10.) The Court agrees, and Plaintiff's conclusory objection and mere summary of this evidence does not undermine the validity of the magistrate judge's finding.

3

At step two of his analysis—when finding that Plaintiff had the severe impairments of a learning disorder, asthma, and allergies—the ALJ expressly considered all of the evidence that Plaintiff cites. The ALJ also touched on why this evidence does not necessarily support Plaintiff's disability claim. For example, the ALJ discussed the May 2011 IEP, including that the IEP indicated that Plaintiff was "receiving special education support in the areas of reading and writing." (Tr. at 20; *see also* Tr. at 160.) But the ALJ observed that Plaintiff's latest report card reflected an overall GPA of 3.3 for the period and indicated few absences. (Tr. at 20; *see also* Tr. at 182.) The ALJ also described the results of Dr. Park's evaluation and noted that Plaintiff's performance on the Wechsler Individual Achievement Test (Second Edition) revealed "average skills with regard to math and lower than average skills in terms of reading." (Tr. at 20; *see also* Tr. at 179.) Finally, the ALJ also considered Dr. Tenhehco's records, finding that Plaintiff's asthma was described as stable and under control and that he should use an inhaler, especially in sports. (Tr. at 21; *see also* Tr. at 203–05.)

The Court sees no error in the ALJ's evaluation of this evidence. The ALJ went on to find that Plaintiff did not have an impairment that meets or equals the severity of the listed impairments (Tr. at 21), that Plaintiff's impairments did not functionally equal the severity of any listed impairment (Tr. 22–28), and that Plaintiff was therefore not disabled within the meaning of the Social Security Act. And for the thorough reasons discussed in the report and recommendation, the Court agrees with the magistrate judge that substantial evidence supports these findings. (R. & R. at 11.)

### III.

For the reasons stated, having reviewed the report and recommendation (Dkt. 11) and Plaintiff's objections (Dkt. 12), the Court will ADOPT the report, DENY Plaintiff's motion for

summary judgment (Dkt. 9), GRANT the Commissioner's motion for summary judgment (Dkt. 10), and affirm the disability determination of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS FURTHER ORDERED that the remaining motions pending from before the case's transfer—Plaintiff's motion for substitution of attorney (Dkt. 13) and the Commissioner's motion for an extension of time to file her response (Dkt. 14)—are DENIED AS MOOT. A separate judgment will issue.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  March 11, 2016


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 11, 2016.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson